Taylor, C. J.
When the Defendant cannot be personally served‘with process, his property may be attached to effect the same object which a writ aims at, viz. to enforce his appearance. That this is the design of the attachment law, is declared in so many words, by the original act in Davis's Revisal;‡—the attachment may be granted “ so as to compel an appearance.” Under that law, when the Defendant did appear, he was entitled-to plead, although he did not, or could not, replevy the goods attached. They were left in the hands of the sheriff to be subject to the judgment; and if they proved insufficient to satisfy it, other executions might issue for the residue.. It will be evident, by collating the two laws, that the framers of the act of 1777’had; when they drew it, that of 1746 before them jf and that the spirit and intention of the first law, in regard to the question now before us, are transfused into the latter law. It is true, that the first law is penned in much fewer words than the last, and is silent as to the condition of the replevin bond ; and from *148 calling it special bail in every instance, precludes an/ other inference, than that it was to be drawp like a bail Although the act of 1777 directs, in general terms, that the bond shall be for the performance of the judgment of the Court; yet that cannot change the nature of the transaction, which in every other part of the law, is regarded and spoken of as special bail. The judgment of the Court, adverted to in the condition of the bond, must be prout lex postulat, and as this is already fixed by the law with respect to bail, it is only the expression of that which was already understood, and therefore operates nothing. I am of opinion that a scipe facial on this bond is the only remedy.
Daniel, J.
This is an action of debt on a replevin bond, and a verdict for the Plaintiff. The Defendant moves, an arrest of judgment, because “ the bond upon which the verdict was taken, was a replevin bond, taken by Thomas Summers as constable, of the Defendant Far-Eetg and not assigned by Summers to Witherspoon; and an action of debt, brought on the same—whereas a scire facias should have issued, and an opportunity been giveri Défendarit to have surrendered his principal in discharge of himself.”
X am of opinion, the judgment should be arrested.
The Legislature, in its act contmonly called the Court Law, 1777, c. 2. § 19, says, “ Alt bail taken according to the directions of this act, shall be deemed, held,hnd taken, to be special bail; but the Plaintiff after final judgment, shall not take out execution against such bail, until an execution shall be first returned, that the Defendant is not to be found in his proper county, and until a scire facias against the bail.’’ Debt will not lie on a bail bond in this State ; as the above act of Assembly mentions expressly, that the bail shall not be subject to an execution until a scire facias shall be returned. The same construction of this act was made by Judge Johnston. * By the *149 game act of Assembly, * it is said, a Defendant “ upon giving special bail, may replevy the estate so attached and plead to issue.” It appears to me, that the same and only the same remedy, is to be had in this case, as in any other case against special bail.” This opinion is supported by the case of Hightower v. Murray † Let the judgment be arrested.
The rest of the Court concurred.
Ruffin, J.
This is an action of debt, on a replevh% blind, given by the Defendant and others, to replevy property levied on by Summers a aonstable, under an original attachment sued out by Witherspoon against one Johnston. The jury found a verdict for the Plaintiff, and a motion is made ip arrest of judgment, for the several reasons offered. I shall only consider one of them; because being of opinion with the Defendant upon that, it is unnecessary to examine the others.
There is certainly some obscurity in the act of 1777", c*. 2, upon this subject. The 28th section directs that “ when, any estate shall be attached, it shall be lawful for the Defendant to replevy the same, by giving bond to the. sheriff to appear at the Court to which the attachment is returnable, and to abide by, perform, and satisfy the order and judgment of such QourtP That is very different, it is true, from the condition of a bail bond; and in analogy to the phraseology of section 47 and 82, relating to bonds for the prosecution of writs of error and appeals, it is argued, that replevin securities are moré than bail, and, like securities for an appeal, are liable, absolutely, to satisfy the judgment. I should perhaps, think so too, if the ob* jects of the law were the same in these cases. But they are very different. An attachment arises out of the necessity of the case, and is substituted for an actual per* sonal service of process. Both are intended to compel an appear anee for no other purpose. If actually arrested,- the Defendant is discharged on bail. That ⅛ *150 ¿teemed a sufficient security for his appearance; and I cannot perceive a reason why more should be required in the case oTan attachment. Construing those clauses of the act, therefore, according to the subject matter, I should rather be of opinion, that a replevin bond is intended to be a bail bond. But whatever difficulty might arise ⅛ the exposition of the 23th section, by confining ourselves to the consideration of that section alone, is removed, I think, by taking the whole of the act of 1777 and statute 1793, c. 16, § 6, which is in pari matina. The bond spoken of in § 28, is that taken by the sheriff before the return of the process. In the 33d section, which concerns the proceedings against persons residing out of the State, it is enacted, that if the Defendant appear, put in bail,*hc. his estate shall be liberated and the garnishee discharged. And, by § 30, any person against whose estate an attachment hath issued, at any time before final judgment entered or writ of inquiry executed, upon giving special bail, to replevy, &c. may plead, &c. Now it cannot be supposed, that the Legislature could intend greater privileges to persons residing out of the State than to her own citizens ; and yet to the former is expressly given the liberty of receiving their estate attached, upon giving- bail. Nor, I think, could it be intended, that if a Defendant came, forward as soon as the process was served, and replevied from the sheriff, his securities should become surety for the debt, but if he delayed replevying until the writ was returned, that his securities should then be only bail, Such a construction would create a difference, where no good reason for a difference exists, and attribute to the jtegislature a spirit of arbitrary legislation. But the 30th section seems to be an express declaration, that bail and replevin securities are the same. The words are therein used as convertible terms :—“ Upon giving special bail, to replevy, &c. This is also the case in act 1793, c. 16, § 6, where replevin securities are called “persons entering themselves special bail o.n replevying property,” fax* And, *151 so far from placing them in a worse situation than bail, this act was intended for their relief, by declaring them only liable for the value of the property attached, under* certain circumstances ; and it is observable, from the preamble of the section, that it was enacted on account of the construction placed on the former acts by the Courts; and was, in all probability, the consequence of the judgment in Hightower v. Murray, decided at Halifax, in April 1793 ;• in which it was held, that replevin securities were bail, and consequently liable for the xvhble debt, as bail. Since, in the act of 1793, and section 30 and 33 of the act of 1777, they are called bail, and therefore are so far as these sections go, to be treated as special bail; unless replevin securities, as mentioned in the 28th section, be also regarded as bail. Enactments directly contradictory, upon the same subject and in the same statute, must be imputed to the Legislature.
The result follows, that the judgment must be arrested,' For if the Defendant is bail, he cannot, by the express words of statute 1777, c. 2, § 19, according to the uniform practice of the Courts and the decision in Hunter v. Hill* be liable until a scire facias shall have been made to him.
My opinion, therefore, is, that judgment be arrested*

 Page 231

 9 Hayw. 223

 1777, c. 2 § 30.

 1 Hayw. 21.

 2 Hayw. 223